**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHASE ST. CLAIR                                        CIVIL ACTION

VERSUS                                                      NO. 23-2562

QBE SPECIALTY INSURANCE COMPANY            SECTION: D (1)

## ORDER AND REASONS

Before the Court is QBE Specialty Insurance Company's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendant, QBE Specialty Insurance Company.[1] Plaintiff Chase St. Clair did not file an opposition. After careful consideration of the Motion, the Amended Complaint,[2] and the applicable law, the Court **GRANTS** the Motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2023, Plaintiff filed a Complaint against its insurer, QBE specifically alleging causes of action of Breach of Contract and Bad Faith under La. R.S. 22:1892 and 22:1973.[3] Plaintiff further asserted that Defendant was liable under the following legal theories: breach of contract, bad faith claims adjusting, negligent claims adjusting, intentional infliction of emotional distress, any and all other legal theories which may be found through discovery.[4]

---

[1] R. Doc. 16.
[2] R. Doc. 11.
[3] Plaintiff filed an Amended Complaint (R. Doc. 11) in compliance with the Court's Order (R. Doc. 6) since the original Complaint failed to establish that the Court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The Amended Complaint is the operative Complaint and the one considered by the Court for purposes of this Motion.
[4] R. Doc. 11 at ¶ 23.

On October 23, 2023, Defendant filed the instant Motion seeking dismissal of any claim for Intentional Infliction of Emotional Distress.[5] In its Motion, Defendant argues that Plaintiff has failed to allege sufficient factual allegations to state a plausible claim for Intentional Infliction of Emotional Distress. Defendant contends that Louisiana law requires Plaintiff to establish that the Defendant's conduct was extreme and outrageous, which has been defined as exceeding "'all possible bounds of decency' and is 'regarded as atrocious and utterly intolerable in a civilized society.'"[6] Defendant argues that Plaintiff's Amended Complaint, on its face, fails to contain any allegation to bear upon the elements of such a claim. Plaintiff did not file an opposition.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[7] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "The plausibility standard is not akin to a probability

---

[5] R. Doc. 16.

[6] *Id.* (quoting *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991)).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[9] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949) (quotation marks omitted).

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10]

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[11]   The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[12] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[13] Further, "In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."[14]   The Fifth Circuit has held that, in the context of a Rule 12(b)(6) motion, exhibits attached to the complaint "are part of the complaint 'for all purposes.'"[15]   A court may also consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[16]

## III.   ANALYSIS

### A.   Plaintiff Has Failed to Assert a Plausible Claim for Relief for Intentional Infliction of Emotional Distress.

---

[10] *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949 (quotation omitted).

[11] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[12] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

[13] *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quotation and internal quotation marks omitted).

[14] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)).

[15] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (*citing* Fed. R. Civ. P. 10(c)).

[16] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed. Appx. 336, 340–41 (5th Cir. 2011).

Since this matter is before the Court based on diversity jurisdiction, substantive Louisiana law applies to the claims. A claim for intentional infliction of emotional distress under Louisiana law is actionable only if the plaintiff can show: (1) that the defendant's conduct was extreme and outrageous; (2) that the plaintiff's emotional distress was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially likely to result from his conduct.[17]  According to the Louisiana Supreme Court, "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[18]  Further, the distress suffered "must be such that no reasonable person could be expected to endure it. Liability arises only where the mental suffering or anguish is extreme."[19]

In the Amended Complaint, Plaintiff contends that Defendant QBE, its insurer, "failed to timely and adequately tender payment" following an inspection of the catastrophic damage to Plaintiff's home resulting from Hurricane Ida.[20] Plaintiff further asserts that the "grossly insufficient" payments made by Defendant have been "deeply depressing and stressful."[21] Plaintiff further contends that he has sustained or will sustain various damages, including "extreme mental anguish" and "inconvenience, stress, and aggravation."[22] The Amended Complaint does not make

---

[17] *McCoy v. City of Shreveport,* 492 F.3d 551, 563 (5th Cir. 2007) (quoting *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991)).
[18] *White*, 585 So.2d at 1209.
[19] *Id.*
[20] R. Doc. 16 at ¶ 13.
[21] *Id.*
[22] *Id.* at ¶ 24.

any further claim alleging that Defendant's conduct was extreme and outrageous or that the Defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially likely to result from its conduct.

Accepting the claims in Plaintiff's Amended Complaint as true, as the Court is bound to do, the Court finds that Plaintiff has failed to show that the Defendant's conduct was extreme and outrageous.  The Supreme Court has advised that "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[23]  Based on the facts as alleged in the Amended Complaint, Plaintiff has failed to provide facts to support that QBE's failure to make a full payment since Hurricane Ida is so extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. Further, the Court finds that Plaintiff's threadbare claims of extreme mental anguish, stress, inconvenience, and aggravation, without more, fail to rise to the level of severe emotional distress such that no reasonable person could be expected to endure.

## B.    Leave to Amend.

Plaintiff did not seek leave to amend. This Court will "freely give leave [to amend] when justice so requires,"[24] but leave to amend "is by no means automatic."[25] In exercising its discretion, this Court may consider such factors as "undue delay, bad

---

[23] *White*, 585 So.2d at 1209.
[24] Fed. R. Civ. P. 15(a).
[25] *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[26] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[27]  Applying those factors here, the Court determines that any amendment would likely be futile. Further, the Court notes that Plaintiff has already filed an Amended Complaint. Finally, the Court recognizes that this matter has been subject to the Court's Case Management Order for the Streamlined Settlement Program for Hurricane Ida claims since it was filed in July 2023.  Any further amendment at this point would likely cause undue delay, especially when the parties, as here, are operating in good faith within the CMO.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that QBE Specialty Insurance Company's Partial Motion to Dismiss Pursuant to Rule 12(b)(6)[28] is **GRANTED**.  Plaintiff's Louisiana state law claims for Intentional Infliction of Emotional Distress are dismissed with prejudice.

New Orleans, Louisiana, March 28, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[26] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[27] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[28] R. Doc. 16.